## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Grace Holden

v.

Mack S. Crippen, III,
Mack S. Crippen, Jr., and
Martena Crippen Wiegand

September 20, 1993

Case No. (Law) 119149

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the motion for summary judgment of defendants Mack S. Crippen, III, Mack S. Crippen, Jr., and Martena Crippen Wiegand [hereinafter Crippens or defendants]. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the motion for summary judgment is sustained as to Counts I and II and overruled as to Count III.

The facts of the case are outlined in plaintiff Mary Grace Holden's Amended Motion for Judgment and in the parties' memoranda. Holden is an attorney who was employed by defendants as counsel to the Crippen Companies for a period of three years. Plaintiff alleges that in the course of her employment she was asked to advise the Crippens on the legality of certain payments the Crippens wished to make to an individual then employed with the Virginia Department of Waste Management. The Crippens intended to pay this employee, Robert A. Davis, as an inducement to future employment with the Crippen Companies. Plaintiff alleges that she counselled the Crippens to use corporate checks for any payments made to Davis, and to fully disclose these payments to the Crippen corporate accountants. Despite this advice, plaintiff contends that the Crippens made monthly cash payments to Davis without disclosure to the Crippen corporate bookkeepers. Subsequently, Davis came under investigation by the Virginia State

Police. During the course of this investigation, plaintiff alleges that defendants conspired to make untrue statements to the police about plaintiff suggesting that plaintiff advised defendants to make undisclosed cash payments and that these payments were for the purpose of buying influence with the Department of Waste Management. As a result, plaintiff was indicted on two felonies, charges which were ultimately dismissed.

Plaintiff's Amended Motion for Judgment contains four counts, three of which are at issue in this motion. The Court sustains the motion for summary judgment with regard to Count I (malicious prosecution) and Count II (defamation). Each of these causes of action is time-barred.[1] In Count III of her Amended Motion for Judgment, plaintiff seeks $750,000 in compensatory damages for violation of Va. Code § 18.2–499 et seq., the Virginia Business Conspiracy Statute. Defendants have moved for summary judgment on the ground that the injuries suffered by plaintiff are not protected by this legislation.

Va. Code § 18.2–499 makes it illegal for "any two or more persons . . . [to] combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . . ." Section 18.2–500 provides civil relief in the form of treble damages for violations of § 18.2–499. Federal courts in Virginia have consistently interpreted this statute to encompass solely business-related injuries and not merely injuries to employment interests and personal reputation. The Fourth Circuit addressed the matter in 1985, disallowing a business conspiracy action brought by a plaintiff who had "[made] no claim of a business-related injury" but whose "claim [related] to [plaintiff's] employment and possible injury to [plaintiff's] employment reputation." *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985).

This decision reaffirmed a line of federal district cases which held that "a right of action is afforded statutory coverage only when malicious conduct is directed at one's *business*, not one's *person*." *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364 (E.D. Va. 1979); *Federated*

---

[1] Plaintiff's Memorandum in Opposition at 4. Under Va. Code § 8.01–248, the statute of limitations for both malicious prosecution and defamation is one year. The lawsuit was refiled after a nonsuit on October 15, 1992. The statute for both causes of action expired on October 12, 1992.

*Graphics Companies, Inc. v. Napontik*, 424 F. Supp. 291 (E.D. Va. 1976) (emphasis in original). This reasoning was followed more recently in *Jordan v. Hudson*, 690 F. Supp. 502 (E.D. Va. 1988), where the federal district court held that a United States postmaster failed to state a claim under this statute by alleging only loss of his "employment interest" when he was removed from his position due to the conspiracy.

The question before this Court is whether plaintiff's injuries fall within the scope of the statutory coverage. Defendants argue that plaintiff's alleged injury is loss of employment and must be characterized as such, not actionable under current interpretation of the statute. Plaintiff contends that she seeks recovery for property damage only, i.e., a business injury to her law practice caused by defendants' actions.

Although courts to date have focused on whether plaintiffs' injuries are business-related, this Court's finding is based on a plain reading of the statute. Express language in the statute indicates that § 18.2–499 protects one's "trade, business, *or profession*" [emphasis added]. Law, medicine, and certain other vocations are recognized as professions by the special, usually advanced, education required to practice in these areas. *Black's Law Dictionary* 1089 (5th ed. 1979). Careers in these professions are easily tarnished by attacks on character and competency, even if untrue. In the case at bar, by falsely disparaging the quality of plaintiff's legal advice, her stock in trade, defendants have conspired to injure plaintiff in the practice of her profession. Despite the fact that her personal reputation may have been equally damaged by defendants' statements, it is the harm to plaintiff's law practice, the inability of her business to retain new corporate clients, for which she seeks relief. Although plaintiff must still wage a decidedly difficult battle in proving her damages, the injury plaintiff has alleged is a compensable harm under § 18.2-499. As to the business conspiracy count, plaintiff survives the motion for summary judgment.

The Court, therefore, sustains defendant's summary judgment motion with respect to Counts I and II and overrules the motion as to Count III. The plaintiff has presented a cause of action which is within the scope of Va. Code § 18.2–499 et seq.